NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO AGRASANCHEZ, an individual; MOVIE MEX INTERNATIONAL, INC., a Florida corporation; AAA FILM PRODUCTIONS, INC., a Florida corporation; GRUPO AGRASANCHEZ, LLC, a Florida limited liability company, | No. 23-55110 D.C. No. 2:22-cv-07485-DSF-PLA |
| Petitioners-Appellants, | MEMORANDUM* |
| v. | |
| RAYMUNDO ROGELIO AGRASANCHEZ, an individual; JULIO CESAR AGRASANCHEZ LOPEZ, an individual; JOSE DAVID AGRASANCHEZ LOPEZ, an individual; ALMA ROSA AGRASANCHEZ, an individual; ESTATE OF ROGELIO AGRASANCHEZ LINAJE; CINEMATOGRAFICA GROVAS, S.A. DE C.V., a Mexican entity; PRODUCCIONES FILMICAS AGRASANCHEZ, S.A. DE C.V., a Mexican entity; CHURUBUSCO, S.A. DE C.V., a Mexican entity; IMPULSORA MEXICANA DE PELICULAS, S.A. DE C.V., a Mexican entity, | |
| Respondents-Appellees. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 10, 2024[**]
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

Petitioners appeal the district court's orders denying their motions to vacate an arbitration award in favor of respondents due to fraud, *see* 9 U.S.C. § 10(a)(1), and to alter or amend the judgment, *see* Fed. R. Civ. P. 59(e). We have jurisdiction under 9 U.S.C. § 16 and 28 U.S.C. § 1291.[1] Reviewing the order denying the motion to vacate the arbitration award de novo, *see HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022), and the order denying

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Although on the current record we "do not have enough information to determine whether the district court had § 1332(a) diversity jurisdiction," *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 823 (9th Cir. 2024), *petition for cert. filed*, No. 23-1261 (U.S. May 3, 2024), the district court properly exercised supplemental jurisdiction under 28 U.S.C. § 1367(a), *see Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (explaining that courts have ancillary jurisdiction to enforce their orders approving settlement agreements). The parties' 2007 settlement agreement, which was the basis for the arbitration at issue, provides that the district court "shall retain jurisdiction to enforce the terms and conditions of this Agreement." In dismissing the underlying litigation, the district court expressly "retain[ed] jurisdiction over the Consolidated Actions to issue any orders necessary to implement and enforce the terms and conditions of the Settlement Agreement." *New Latin Image Corp. v. Ground Zero Enters.*, No. CV05-1291, slip op. at 5 (C.D. Cal. July 9, 2007), ECF No. 231.

petitioners' Rule 59(e) motion for abuse of discretion, *see EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, 1 F.4th 1164, 1170–71 (9th Cir. 2021), we affirm.

1. The district court properly denied petitioners' motion to vacate the arbitration award. Petitioners claim that respondents forged a 2014 Mexican probate court judgment regarding the estate of Rosa Maria Lopez de Agrasanchez and, because the probate action "was never closed," the arbitration panel lacked jurisdiction. For a court to vacate an arbitral award for fraud under 9 U.S.C. § 10(a)(1), the Federal Arbitration Act requires, among other things, that the fraud "not be discoverable by due diligence before or during the [arbitration] proceeding." *Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991).

Petitioners claim to have discovered the alleged forgery in September 2022 when Alejandro Agrasanchez consulted with a Mexican attorney regarding the arbitration award, and the attorney observed "various inconsistencies" in the probate judgment. Petitioners' counsel requested a copy of the judgment from the Mexican court, and a week later, the Mexican court responded that the judgment did not exist.

Yet petitioners at least suspected the fraud more than six years earlier. In a June 2016 email, Alejandro acknowledged being "aware" that the "prefabricated"

3

probate judgment "was a FRAUD." Due diligence imposes a "duty to investigate" suspected fraud when a party has "notice of facts sufficient to arouse the suspicions of a reasonable man." *Graham-Sult v. Clainos*, 756 F.3d 724, 743 (9th Cir. 2014) (quoting *Elec. Equip. Express, Inc. v. Donald H. Seiler & Co.*, 176 Cal. Rptr. 239, 252 (Ct. App. 1981)). Petitioners did not act with diligence in waiting six years to investigate a document that they suspected to be fraudulent and that contained discrepancies on its face.

2. The district court did not abuse its discretion in denying petitioners' motion to alter or amend the judgment. Petitioners claimed to have "discovered more evidence of the fraud" and argued that the district court had erroneously ignored their previous evidence. But in denying the motion to vacate, the district court did not decide whether petitioners had met their burden of proving fraud "by clear and convincing evidence." *Pac. & Arctic Ry. & Navigation Co.*, 952 F.2d at 1148. Rather, the court relied on petitioners' "fail[ure] to demonstrate that the alleged fraud could not have been discovered through reasonable diligence prior to or during the arbitration hearing." Because the Rule 59(e) motion did not address this rationale, petitioners gave the district court no adequate reason to alter or amend its judgment.

**AFFIRMED.**

4